Bissell, P. J.,
delivered the opinion of the court.
Very recent decisions of this court determine the questions involved in favor of the appellants. The statute giving the right of action for treble damages in certain cases received very full consideration in a case decided at the present term. Madera v. Holdredge, ante, 126. It was there decided, following the cases of Harrington v. Smith et al., 14 Colo. 376; Behymer v. Cook, 5 Colo. 395, that wherever a levy was made on exempt property, and it was established by the record that what was seized was all the exemptioner owned, the seizure was illegal, regardless of any claim or assertion of right by the attachment defendant. The duty of selection only rests on the defendant where he has other property than what is claimed to be exempt. The court below did not depart from these well established rules in its instructions to the jury; but it declined to charge the jury as to the legal effect of the mortgage, and the acts of the *182 owner and mortgagee in reference to the attempted enforcement of that security. The officer pleaded these facts as a defense. The plea was a perfect bar to the action, if sustained by proof which satisfied the jury. It has been repeatedly decided in this state that, after a default and a valid change of possession, the legal title to mortgaged property vests absolutely in the mortgagee, who has the unconditional right of possession, and unless these principles be varied by equitable considerations, which do not appear in this case, or by some facts surrounding the maturity of the mortgage and the assumption of control which will interfere with the mortgagee’s title, it becomes perfect, and neither the mortgagor nor his creditors can acquire any right with reference to it. Atchison v. Graham, 14 Colo. 217; Newman et al. v. The People ex rel., ante, 46.
If these principles are applicable to the present case, they are decisive of the controversy, and compel us to reverse the judgment. While the issue as to the title was not very cleanly and clearly presented by the pleading, still there was such a denial of the plaintiff’s right and ownership that testimony might, unless objection was raised, be introduced to show what the facts were concerning the maturity of the mortgage, and the mortgagee’s rights. No objection of any sort was made to the proof offered on this subject, and it very clearly appeared that there was an outstanding valid mortgage held by Mumford on the identical property seized by the officer. The proof was very satisfactory that the mortgagee did all that he was able or that was necessary to assume possession of the property prior to the time the sale occurred. Both Wright, the present claimant, and Mumford, the mortgagee, testified there was a breach in the condition, that Wright surrendered so far as he could, and Mumford assumed control of the property. From these facts it is evi- • dent that the title to the property was no longer in Wright, the exemptioner, but had become absolutely vested in the mortgagee, who must be taken, under the present proofs, to have been in the possession and control of the property at *183 the time of the seizure and sale. It is unimportant to determine whether he had the legal right to take the property when he did because of the antecedent levy of the writ of attachment, and because the property might perhaps be taken to be in custodia legis so as to compel a suit for its recovery. The facts surrounding the matter are stated in this manner simply for the purposes of demonstrating that the exemptioner had lost title prior to the sale and prior to the suit, and consequently was disqualified to maintain the present action. If on another trial, under proper instructions, the jury shall find the issue concerning the mortgage to be sustained, Wright, the exemption claimant, cannot be permitted to recover, since he must have title in order to justify the suit.
For the error committed by the court in failing to submit this matter to the jury, and to give the instruction asked, this judgment must be reversed and the case remanded.

Reversed.